**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE:

CRAIG CHARLES TURNER, and
VIRGINIA LOUISE TURNER            CASE NUMBER:     05-31030-LMK-7

    Debtors.
_____/

**ORDER SUSTAINING OBJECTION TO EXEMPTION**

THIS MATTER came before the court on July 1, 2005, on Singer Asset Finance Company, L.L.C.'s Objection to Exemption based on the Debtor's Schedule C exemption of the "Annuity-PI Settlement" pursuant to Florida Statutes §222.14. This Court has jurisdiction over this matter and this is a core proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(b)(1). For the reasons set forth herein, the Objection to Exemption shall be SUSTAINED.

FACTS

Virginia Turner ("the Debtor") entered into a settlement agreement ("the Agreement") with Boston Old Colony Insurance Company ("Boston") on December 19, 1986. The Agreement called for the Debtor's release of all claims against Boston in exchange for monthly payments of $500.29 as well as a lump sum payment. Sometime after the execution of the Agreement, Boston purchased an annuity contract ("the Annuity") from Transamerica Occidental Life to ensure payment under the Agreement. The Annuity contract itself was never made part of the record. The annuity contract application ("the Application"), though, names as the beneficiaries, "Troy Wayne Welch, Sr.- Husband," "Troy Wayne Welch, Jr.- Son," and "Desiree D. Welch- Daughter." The Debtor's name only appears in the Application under the section labeled "Measuring Lives."

The Debtor filed for Chapter 7 relief on May 5, 2005. On the Debtor's Schedule C, she claimed the annuity as exempt. Singer Asset Finance Company, L.L.C. filed an Objection to Exemption on July 1, 2005, alleging that the Debtor could not exempt the Annuity pursuant to Florida Statute §222.14 since she was not the owner. A hearing was held on August 25, 2005, on

Singer's Objection to Exemption.

## DISCUSSION

The issues before the Court are whether the Debtor is a beneficiary to the Annuity and if not, whether the Agreement constitutes an annuity contract. If the Debtor is a beneficiary to the Annuity or if the Agreement constitutes an annuity contract, then the Debtor may exempt her settlement proceeds from the bankruptcy estate pursuant to Florida Statutes §222.14. I find that the Debtor is not a beneficiary of the Annuity and the Agreement does not constitute an annuity contract. Therefore, the Debtor is not entitled to exempt the settlement proceeds from the bankruptcy estate pursuant to Florida Statutes §222.14.

Proceeds from an annuity contract are exempt from the bankruptcy estate pursuant to Florida Statutes §222.14, which in relevant part provides:

> the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person...who is the beneficiary of such annuity contract, unless...the annuity contract was effected for the benefit of such creditor.

Fla. Stat. Ch. 222.14 (2005).

The determination of whether an individual is a beneficiary of an annuity contract or whether a settlement agreement constitutes an annuity contract is well documented in the case law. Courts have allowed individuals to exempt proceeds received under a settlement agreement if those individuals were named beneficiaries in an annuity contract. *See LeCroy v. McCollam* (*In re McCollam*), 986 F.2d 436 (11th Cir. 1993); *In re Zeitz*, 171 B.R. 903 (Bkrtcy.S.D.Fla. 1994); and *In re Belue*, 238 B.R. 218 (Bkrtcy.S.D.Fla. 1999). However, an individual not named as a beneficiary in an annuity contract is not entirely precluded from exemption. The court may still determine that the settlement agreement between an individual and the settling party constitutes an annuity contract qualified for exemption under Florida Statutes §222.14. *See Guardian Life Ins. Co. v. Solomon* (*In re Solomon*), 95 F.3d 1076 (11th Cir. 1996).

In *McCollam*, McCollam sought to exempt the proceeds she received as part of a settlement agreement. *McCollam*, 986 F.2d at 436. Under the agreement, McCollam received monthly payments in addition to five periodic lump sum payments from Travelers Insurance Company. *Id.*

To finance the agreement, Travelers purchased an annuity contract and named McCollam as the beneficiary/payee. *Id.* The court found that the contract purchased by Travelers was an annuity contract, and because McCollam was named a beneficiary to it, the proceeds were exempt from the creditors' claims. *Id.* at 438.

In *Solomon*, Solomon also sought to exempt the proceeds he received as part of a settlement agreement. *Solomon*, 95 F.3d at 1076. Under the agreement, Solomon received monthly payments as well as a lump sum payment and attorney's fees. *Id*. At 1077. To ensure payment of the agreement, Union Mutual Life Insurance Company purchased an annuity contract. *Id.* Union was named the payee, but Solomon was not named a party to the annuity contract. *Id*. However, Solomon argued that he should not be precluded from claiming the proceeds as exempt because he was not named a beneficiary in the annuity contract. He argued that his agreement with Union constituted an annuity contract of which he was a beneficiary. The court reasoned that for the settlement agreement to constitute an annuity contract and qualify for an exemption, the language of the agreement must show that Solomon and Union intended to create an annuity contract. *Id.* at 1077. The court determined that intent could be shown by labeling the agreement "annuity," using words such as "beneficiary" or "payee," or by labeling the settlement payments as proceeds of an annuity. *Id.* Since the language of Solomon's settlement agreement did not indicate that the parties intended to create an annuity contract, Solomon could not exempt his settlement proceeds.

The case before the Court most resembles *Solomon*. The Application names the beneficiaries of the Annuity as the Debtor's husband, son and daughter. The Debtor was only listed under "Measuring Lives," and was not named as a beneficiary on the Application. As stated in *McCollam*, exemption of proceeds is only appropriate when an individual is named as a beneficiary of an annuity contract. *McCollam*, 986 F.2d at 438. Although the Annuity was never made part of the record, "the Court examines the facts presently before it." *Belue*, 238 B.R. at 223. As such, the Debtor cannot be considered a beneficiary to the Annuity as she was not named a beneficiary on the Application, and that is the only evidence before the Court.

However, the analysis must not end here. If the language of the Agreement shows an intent to create an annuity contract, then the Agreement can constitute an annuity contract. Under the

Agreement, the Debtor receives monthly structured payments of $500.29. However, "the fact that [the Debtor] receive[s] a series of payments under the settlement agreement does not necessarily transform the agreement into an annuity contract exempted by section 222.14." *Solomon*, 95 F.3d at 1079. The Agreement was not labeled as an annuity, but rather entitled "Release Of All Claims." Nowhere in the Agreement is the Debtor referred to as a "beneficiary" or "payee," which are terms commonly found in annuity contracts. Furthermore, the Agreement does not specify that the Debtor's proceeds were to be paid under an annuity contract. Like *Solomon*, the Agreement was merely "a garden variety release of liability." *Id.* The Debtor has failed to show that the language of the Agreement intended to create an annuity contract and therefore, she may not exempt the Agreement's proceeds from the bankruptcy estate.

## CONCLUSION

The Debtor was not named a beneficiary of the Annuity as required under Florida Statutes §222.14. The Agreement does not constitute an annuity contract because the language of the Agreement shows no intent to create an annuity contract. Since the Debtor is not a beneficiary to the Annuity and the Agreement does not constitute an annuity contract, the Debtor may not exempt proceeds she receives under the Agreement. Accordingly, it is

ORDERED AND ADJUDGED that this Objection to Exemption is SUSTAINED.

DONE AND ORDERED at Tallahassee, Florida this ___3rd___ day of October, 2005.

_____
Lewis M. Killian, Jr.
United States Bankruptcy Judge

cc:    Jeffery J. Hartley
       Amy Logan Silva
       John E. Venn, Jr.
       Chapter 7 Trustee